GEORGE JOHNSON *vs.* EDWARD F. HEALEY.

FEBRUARY 20, 1913.

PRESENT: Johnson, C. J., Parkhurst, and Vincent, JJ.

*(1)   Contracts.   Garnishment.*

A garnishee is not chargeable upon an entire and indivisible contract between him and the defendant, where the contract has not been fully performed by defendant and the service of the writ is made upon the garnishee prior to the time fixed by the contract for payment.

*(2)   Garnishment.*

Where the court finds that a garnishee was not chargable at the time of service of the writ upon him, the fact that he admitted by an affidavit filed in another case against the defendant, a few days subsequent to the first service upon him that he had personal estate of the defendant in his hands is immaterial.

*(3)*  *Garnishment.  Service.  Misnomer.*

*Quœre:* whether service of a writ made upon a garnishee, being actual service upon the person intended, although improperly named in the writ is sufficient.

PETITION for writ of error.  Judgment of district court affirmed.

PARKHURST, J.  Upon this petition for a writ of error filed October 18, 1912, a writ of error was issued November 1, 1912, to the district court of the sixth judicial district, directing it to certify its records relating to an action between the above named parties; the said records were duly certified and are now before this court.

It appears from said records that the case was tried before a judge of the district court of the sixth judicial district, and that on October 15th, 1912, decision was entered for the plaintiff for $336.33 and costs; that on the same day, upon motion to charge as garnishee, one Seth P. Remington, said motion was denied and the garnishee was discharged; and thereafter on October 22nd, 1912, judgment of said district court was entered for the plaintiff upon the decision; and that no jury trial has ever been claimed.  Thereupon the plaintiff sued out this writ of error, claiming that said court· should have charged the garnishee under the disclosures of the garnishee's affidavit and of the evidence submitted upon the motion to charge.

It appears upon inspection of the record that the suit was commenced by a writ of attachment issued out of said district court, dated June 27, 1912, against said Healey, wherein the officer was commanded "to attach the personal estate of the said defendant in the hands or possession of Samuel P. Remington, of Warwick, County of Kent, in said State, as trustee of the said defendant:" that the writ was actually served upon Seth P. Remington, in said Warwick, on the 29th day of June, 1912, and was duly served upon the defendant; that on the 5th of July, said Seth P. Remington filed in said district court an affidavit as follows:

"STATE OF RHODE ISLAND,

County of Providence.          District Court of the
                               Sixth Judicial District.

"In the case of George Johnson, Plaintiff, against Edward F. Healey, Defendant. I, Seth P. Remington, of the City of Worcester, in the Commonwealth of Massachusetts, on oath, make affidavit, and say that I am—

"That at the time of the service on me of a copy of the Writ in said case for the purpose of attaching the personal estate of the said defendant in the hands and possession of Samuel P. Remington, of Warwick, I do not know whether there was or not in the hands or possession of any such person any personal estate of the defendant.

"There was none of the personal estate of said Defendant in my hands or possession either directly or indirectly, except that said defendant was engaged in some work for me under a contract, according to the terms of which no payment was due at the time of the service of said writ on me.

                               "SETH P. REMINGTON.

"Subscribed and sworn to before me in the Town of Warwick, in the County of Kent, on this 3rd day of July, A. D. 1912.

                               "JOHN HENSHAW,
                                   "*Notary Public.*"

It further appears by stipulation of the parties on file that' upon the hearing on the motion to charge the garnishee, the following facts appeared:

1. That the garnishee, Seth P. Remington, filed in the case of Thomas H. Earley vs. Edward F. Healey, the defendant, District Court No. 62592, an affidavit that on July 5, 1912, at 10:50 o'clock A. M., the time when the garnishee was served with a copy of a writ, there was in his hands and possession, of the personal estate of the defendant, the sum of five hundred dollars.

2. That the contract mentioned in the garnishee's return in the case of George Johnson vs. Edward F. Healey is or was as follows:

"PROVIDENCE, R. I., Feb. 16, 1912.

"Agreement entered into between Mr. Seth P. Remington, of Worcester, Mass., and Edward F. Healey, 'Forester,' of Providence, R. I.

"Edward F. Healey, on his part agrees to trim all dead and diseased wood from the Chestnut trees in the forest reserve on Mr. Remington's estate, in the town of Warwick, also to cart, carry and destroy all diseased wood cut from trees in pursuance of said work. He further agrees to put all of said trees in good condition and to treat any and all trees for borers where it is deemed necessary and to fall any dead trees now standing and to destroy the same. He further agrees to inspect all trees in the forest reserve in the different seasons of the year and to report to Mr. Remington the condition of the trees, especially in regard to the Chestnut Tree Fungi.

"Mr. Seth P. Remington, on his part agrees to pay Edward F. Healey the sum of $1,150.00 for this work. Payments to be made during progress of said work to the extent of $650.00. The balance to be paid during the month of July, 1912.

"Sign — EDWARD F. HEALEY.
"Sign — SETH P. REMINGTON.
"Witness — HENRY HARMON CHAMBERLIN."

3. That at the hearing on plaintiff's motion to charge the garnishee, the plaintiff introduced evidence to show that at the time of the service of the writ upon said Seth P. Remington, in the case of George Johnson *vs.* Edward F. Healey, namely: at 5:50 p. m. o'clock, on June 29th, 1912, the heavy bulk of the work under said contract had been completed under the terms of which contract the sum of $500.00 was to be paid during the month of July, 1912, and that this sum was the same sum mentioned in the garnishee's affidavit in the case of Thomas H. Earley *vs.* Edward F. Healey, and that to have finished the contract would have taken work probably not in excess of fifty dollars ($50).

Upon motion filed October 21, 1912, on behalf of the plaintiff, the said district court, after hearing, ordered on

October 30, 1912, that the officer be allowed to amend his return on the writ to show that he had made service upon Seth P. Remington, and the return was so amended. Upon this state of the record, the plaintiff's counsel insists that the said Seth P. Remington should have been charged as garnishee, and that it was error on the part of the justice of the district court to discharge him.

(1)     This court is unable to agree with that contention. It is not necessary to consider whether the service of the writ upon the garnishee, being actual service upon Seth P. Remington, although not so named in the writ, should be considered to be sufficient, because we find that in any event, even if rightly served, there was at the time of the service of the writ none of the personal estate of the defendant in his hands as to which he could be held as trustee.

The contract above set forth under which the plaintiff claims that money was due the defendant is an entire and indivisible contract as to the payment of the sum of $500.00, which by the terms of the contract was not payable until the month of July; and therefore, the defendant could not have enforced payment of said sum by suit, even if he had completed his work thereunder, until after the 31st day of July; and the evidence admitted shows that on the 29th day of June, the work under the contract was not done, there being work remaining to be done which would cost probably not in excess of $50 to finish it.   These facts take the case out of the line of cases, referred to by the plaintiff's counsel and cited in support of the paragraph quoted from 2 Wade on Attachment, § 484, to the effect that, "the mere fact that the demand is not yet mature, does not affect the existence of the debt.   There are no contingencies upon which the obligation to pay depends, when nothing but the lapse of time is necessary to entitle the creditor to legal process to enforce his claim against the debtor."

It cannot be said in this case that "nothing but the lapse of time is necessary to entitle the creditor to legal process," etc., since, the contract as to the payment of the $500 being

entire, the fact that the work was not fully completed might defeat the recovery of any sum of money whatever. It will be noted that the contract is to "trim all dead and diseased wood," . . . "also to cart, carry and destroy all diseased wood," etc. It is conceivable that all of the work might have been done, except that of carting and carrying away and destroying, and that a small sum of money only might be necessary to complete such carting, carrying away and destruction; and yet this is of the very essence of the contract which has in view the eradication of disease from the forest, and it might be of the most vital importance to the owner of the forest that this portion of the work be completed, otherwise the entire value of the work of preservation of trees not diseased might be lost.

The case comes within the rule laid down in 2 Wade on Attachment, § 483: "So, where there is any future contingency upon which the liability depends, any act to be done, or work to be completed on a contract which is not apportionable, there will be no indebtedness until such contract is completed."

The principles governing garnishment under our law were fully discussed in the case of *Grimwood* v. *Capitol Hill Bldg. & Const. Co.*, 28 R. I. 32, and we think they are applicable in this case. It was there held in substance that in trustee process, as a plaintiff can have no greater right against the garnishee than the defendant would have, and can occupy no better position with respect to the garnishee than the defendant could in a suit brought by him against the garnishee, it follows that, where a contract between the defendant and the garnishee had not been fully performed by defendant at the time of attachment by plaintiff, the garnishee is not chargeable.

The authorities were carefully considered in the case last cited, and we do not find it necessary to cite other cases.

Inasmuch as we find that, in no event, was the garnishee chargeable under the attachment attempted to be made on

June 29, 1912, we do not find it necessary to consider the other questions raised in the case.

(2)    The fact that Remington admitted by subsequent affidavit, filed in the case of *Earley* v. *Healey* in the same court, that on July 5, 1912, he had personal estate of the defendant in his hands to the extent of $500 is immaterial.    It may be that at that time the work under contract had been fully completed to the satisfaction of Remington, and that he was willing to waive further delay in payment; but with that we have no concern, as it appears in this case that the work was not complete, and Remington did not waive either the completion of the work or the delay in payment.

The judgment of the district court of the sixth judicial district in discharging  the garnishee is affirmed, and the papers in the case will  be remitted to the said district court.

*James B. Littlefield*, for petitioner.
*Thomas J. Dorney*, for respondent.